UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA REBEL HAYS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-994-JD-MGG |
| DEAN A. COLVIN, | |
| Defendant. | |

OPINION AND ORDER

Joshua Rebel Hays, a prisoner without a lawyer, initiated this lawsuit by filing an "emergency injunctive order" that this court construes as a complaint. Hays has sued Marshall County Superior Court Judge Dean A. Colvin because his bond was not reinstated following his failure to appear for a court date through no fault of his own. As a result, he is being held at the jail and subjected to a higher risk of exposure to Covid-19 than if he were released. He seeks an order directing that he be released because he believes his bond should have been reinstated and because he believes it is warranted by the current pandemic. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

The remedy of release from jail is not available to Hays in a civil rights action. "The appropriate vehicle for a state pre-trial detainee to challenge his detention is [28 U.S.C.] § 2241." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). However, *Younger v. Harris*, 401 U.S. 37 (1971), generally "requires federal courts to abstain from interfering with pending state proceedings to enforce a state's criminal laws . . .." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Two recognized exceptions are speedy trial and double jeopardy claims. *Id*. Hays is not raising either a speedy trial claim or a double jeopardy claim. Rather, he alleges that he should be released because Judge Colvin erred when he declined to reinstate his bond and because Hays has a high risk of complications if he contracts Covid-19. Therefore, even if Hays had sought relief pursuant to § 2241, the court would be required to abstain pursuant to *Younger*.

Mr. Hays does not appear to be seeking monetary damages, but even if he were, he could not proceed against Judge Colvin. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrine of judicial immunity applies, Hays cannot state a claim against Judge Colvin.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile.

*Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

Therefore, the case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on December 1, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT